UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **08-22530-CIV-GRAHAM/TORRES**

BAKER & TAYLOR, INC., a Delaware
corporation,

                Plaintiff,

     vs.

CAIMAN HOLDINGS, INC., a Florida
corporation, CAIMAN HOLDINGS, BVI,
and DIDIER PILON,

                Defendants.

```
FILED by   IG   D.C.
ELECTRONIC

SEPT 11, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## COMPLAINT

    Plaintiff Baker & Taylor, Inc. ("Baker & Taylor") sues Caiman Holdings, Inc.,

Caiman Holdings, BVI (collectively "Caiman Holdings") and Didier Pilon, and alleges as

follows:

### JURISDICTION AND VENUE

    1.      This Court has subject matter jurisdiction over this action because this is

an action for damages between citizens of different states and in which the citizens or

subjects of a foreign state are additional parties and the amount in controversy exceeds

$75,000, exclusive of interest, costs and attorneys' fees, pursuant to 28 U.S.C. § 1332(a).

    2.      Venue is proper in this District because a substantial part of the events or

omissions giving rise to the claims occurred in this District, pursuant to 28 U.S.C.

§1391(b).

    3.      The Defendants are subject to personal jurisdiction in this District because

each of the Defendants either: (a) operate, conduct, engage in, or carry on a business or a

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

business venture in this state or have an office or agency in this state; and/or (b) engaged in substantial and not isolated activity within Florida, pursuant to Florida Statutes § 48.193.

## PARTIES

4.     Plaintiff Baker & Taylor is a Delaware corporation with its principal place of business in Charlotte, North Carolina.  Baker & Taylor is engaged, among other things, in the Internet "fulfillment" business meaning that it is a supplier of goods and services to companies that fill online (internet) orders for items such as calendars, books, CDs and DVDs, among other items.

5.     Defendant Caiman Holdings, Inc. is a Florida corporation with its principal place of business in Miami, Florida.  Caiman Holdings, Inc. is engaged in selling books, CDs and DVDs through the Internet.   Upon information and belief, Caiman Holdings, Inc. sells extensively in Florida and around the world through various websites, including Tower.com and Amazon.com (for whom it is the largest third-party fulfiller of orders).   Caiman Holdings, Inc. also maintains goods and premises in Florida.

6.     Defendant Caiman Holdings, BVI is a foreign corporation existing under the laws of the commonwealth of Tortola, British Virgin Islands and conducts business in Florida.  Upon information and belief, Caiman Holdings BVI maintains goods and/or premises in Florida.   Upon information and belief, Caiman Holding BVI is the Parent Corporation, affiliate or alter ego of Caiman Holdings, Inc.

7.     Defendant Didier Pilon is a citizen of Canada who upon information and belief resides in Miami, Florida.  Mr. Pilon is the founder and a former President, officer and, upon information and belief, a current director of Caiman Holdings, Inc. and/or its

2

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

related entities, who carried out the day-to-day operations of Caiman Holdings, Inc. and upon information and belief, Caiman Holdings, BVI during the relevant period of time.

## GENERAL ALLEGATIONS

8.    Baker & Taylor's business relationship with Caiman Holdings began in or around April 2003.

9.    Caiman Holdings used Baker & Taylor to fulfill orders of books, CDs or DVDs ordered by Caiman's customers online.

10.    When a consumer ordered a product from Caiman Holdings through its website or other websites, such as Amazon.com, Baker & Taylor would ship the product directly to the consumer or to Caiman Holdings for its eventual delivery to the customers. Baker & Taylor would invoice Caiman Holdings on a regular basis.

11.    On or about October 29, 2003, Caiman Holdings, Inc. executed a credit application for the extension of credit to purchase goods and services from Baker & Taylor (the "Credit Application").   A true and correct copy of the Credit Application is attached as Exhibit 1.   In consideration of the extension of credit by Baker & Taylor, Caiman Holdings, Inc. agreed to be bound by the terms and conditions set forth in the Credit Application.

12.    Pursuant to its terms, the Credit Application was incorporated by reference into any invoices or other documents that evidence Caiman Holdings, Inc.'s payment obligations to Baker & Taylor.   The Credit Application specifically provided, in part:

> Payment Terms. *All purchases by Applicant of goods and/or services from Baker & Taylor will be made in accordance with the terms and conditions of this Application and any invoices and/or other documents evidencing the Applicant's obligations to Baker & Taylor, all of which are incorporate[d] herein by this reference.*   The terms and conditions contained herein shall supersede any provisions, terms and conditions

3

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

> contained on any confirmation order, purchase order or any other writing Applicant may give and the rights of the parties shall be governed exclusively by the provisions, terms and conditions hereof.

Ex. 1 (emphasis added).

13.     To induce Baker & Taylor to extend credit to Caiman Holdings, Inc., Didier Pilon, the founder and then-President of Caiman Holdings, Inc. personally guaranteed the payment to Baker & Taylor of all amounts due and owing to Baker & Taylor.  See Ex. 1.    Mr. Pilon's guarantee stated, in part:

> The undersigned [Didier Pilon] ("Guarantor"), having a financial interest in Applicant and benefitting from the transactions contemplated by this Agreement, hereby personally *guarantees* the payment by Applicant to Baker & Taylor, Inc. (Baker & Taylor) of all amounts due and owing now, and from time to time hereinafter.

*Id*. (emphasis added).

14.     In reliance upon Mr. Pilon's personal guaranty, Baker & Taylor approved the Credit Application, sold goods, extended credit and provided services to Caiman Holdings, Inc. and its affiliate and alter ego, Caiman Holdings, BVI.

15.     Since 2005, Baker & Taylor sold and delivered to Caiman Holdings approximately $64.4 million worth of goods and services of which at least $8,779,420.11 remains unpaid.   A copy of the detailed statement listing the outstanding invoices is attached as Exhibit 2.

16.     Despite demand, Caiman Holdings, Inc. and Caiman Holdings, BVI have failed to pay the amounts due and owing.

17.     Baker & Taylor has retained the undersigned law firm to represent it in this action and is obligated to pay its attorneys a reasonable fee for its services.

BROAD and CASSEL

One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

18.    All conditions precedent to the bringing of this action have been performed, satisfied, waived or excused.

## COUNT I
### (Breach of Contract—Music and Video)
### (Caiman Holdings, Inc.)

19.    Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

20.    On or about February 24, 2004, Caiman Holdings, Inc. executed a Letter Agreement to purchase CDs, DVDs, VHS and games ("Music and Video Agreement") at a discount rate from Baker & Taylor.

21.    Although the Music and Video Agreement was signed by a representative of "Caiman Holdings," that representative was acting on behalf of Caiman Holdings, Inc., as the letter was sent to Caiman Holdings Inc.'s address in Miami, Florida and was addressed to Didier Pilon, Caiman Holdings, Inc.'s then-President.

22.    Caiman Holdings, Inc. has defaulted on its payment obligations under the Music and Video Agreement.

23.    Baker & Taylor fully performed all of its obligations pursuant to the Music and Video Agreement.

24.    As a result of Caiman Holdings, Inc.'s breach of the Music and Video Agreement, Baker & Taylor has been damaged.

WHEREFORE, Plaintiff Baker & Taylor requests this Court hold Defendant Caiman Holdings, Inc. responsible for any damages caused to Baker & Taylor, for prejudgment interest and post-judgment interest, and for any further relief as this Court deems just and proper.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

## COUNT II
### (Breach of Contract—Book Purchases)
### (Caiman Holdings, Inc.)

25.     Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

26.     On or about February 24, 2004, Defendant Caiman Holdings, Inc. executed a Letter Agreement to purchase books ("Book Purchase Agreement") at a discount rate from Baker & Taylor.

27.     Although the Book Purchase Agreement was signed by a representative of "Caiman Holdings," that representative was acting on behalf of Caiman Holdings, Inc., as the letter was sent to Caiman Holdings, Inc.'s address in Miami, Florida and was addressed to Didier Pilon, Caiman Holdings, Inc.'s then-President.

28.     Caiman Holdings, Inc. has defaulted on its payment obligations under the Book Purchase Agreement.

29.     Baker & Taylor fully performed all of its obligations pursuant to the Book Purchase Agreement.

30.     As a result of Caiman Holdings, Inc.'s breach of the Book Purchase Agreement, Baker & Taylor has been damaged.


WHEREFORE, Plaintiff Baker & Taylor requests this Court hold Defendant Caiman Holdings, Inc. responsible for any damages caused to Baker & Taylor, for prejudgment interest and post-judgment interest, and for any further relief as this Court deems just and proper.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

**COUNT III**
**(Breach of Contract—Credit Application)**
**(Caiman Holdings, Inc.)**

31.     Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

32.     On or about October 29, 2003, Defendant Caiman Holdings executed a Credit Application wherein Caiman Holdings specifically agreed to be bound by the terms and conditions set forth in the Credit Application.  *See* Ex. 1.

33.     Pursuant to its terms, the Credit Application was incorporated by reference into any invoices or other documents that evidence Caiman Holdings, Inc.'s payment obligations to Baker & Taylor.

34.     Caiman Holdings has defaulted on its payment obligations under the individual invoices from Baker & Taylor.

35.     The Credit Application provides that if Caiman Holdings defaults on its payments with respect to any invoice, the entire outstanding balance shall become due and payable:

> Payment. Payment of the purchase price for goods and/or services acquired from Baker & Taylor shall be made pursuant to the terms set forth on each invoice, and Applicant agrees to pay all charges according to the payment terms established in said invoices. ***The entire outstanding balance due to Baker & Taylor on all invoices shall become due and payable in full immediately upon default in the payment of any invoice***.

*See* Ex. 1 (emphasis added).

36.     Pursuant to the Credit Application, the entire principal balance of $8,779,420.11 is due and payable, plus late charges and interest which continue to accrue at the contract rate.

7

37.     Caiman Holdings, Inc. has failed to honor its obligations pursuant to the Credit Application.

38.     As a result of Caiman Holdings, Inc.'s breach of the Credit Application, Baker & Taylor has been damaged.

WHEREFORE, Plaintiff Baker & Taylor requests this Court hold Defendant Caiman Holdings, Inc. responsible for any damages caused to Baker & Taylor, for prejudgment interest and post-judgment interest, attorneys' fees, costs and for any further relief as this Court deems just and proper.

## COUNT IV
### (Failure to Pay For Goods Sold)
### (Caiman Holdings, Inc.)

39.     Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

40.     Caiman Holdings, Inc. has failed and/or refuses to pay Baker & Taylor $8,779,420.11 owed to Baker & Taylor for goods and services received by Caiman Holdings, Inc. from Baker & Taylor.  *See* Ex. 2.

WHEREFORE, Plaintiff Baker & Taylor requests judgment in the amount of $8,779,420.11 against Caiman Holdings, Inc. for prejudgment and post-judgment interest, and for any further relief as this Court deems just and proper.

## COUNT V
### (Unjust Enrichment)
### (Caiman Holdings, Inc. and Caiman Holdings BVI)

41.     Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

42.   By providing goods and services to Caiman Holdings, Inc., Baker & Taylor has conferred upon Caiman Holdings, Inc. and Caiman Holdings BVI a benefit, which benefit Caiman Holdings, Inc. and Caiman Holdings BVI have accepted and retained.

43.   By failing to pay for the services and goods, Caiman Holdings, Inc. and Caiman Holdings BVI have unjustly retained a benefit, for which they are directly liable. Under these circumstances, it would be inequitable for Caiman Holdings, Inc. and Caiman Holdings BVI to retain the benefit of services and goods without paying Baker & Taylor for the value of these services and goods.

44.   To the extent the relationship between Baker & Taylor and Caiman Holdings is not governed by a valid contract, Caiman Holdings, Inc. and Caiman Holdings BVI have been unjustly enriched by their failure to compensate Baker & Taylor.

45.   To the extent the relationship between Baker & Taylor and Caiman Holdings is not governed by a valid contract, Caiman Holding's actions have caused and are causing Baker & Taylor irreparable harm for which it has no adequate remedy at law.

WHEREFORE, Plaintiff Baker & Taylor requests that a judgment be entered in its favor and against Caiman Holdings, Inc. and Caiman Holdings BVI in the amount of at least $8,779,420.11, including prejudgment and post-judgment interest, costs, and for any further relief as this Court deems just and proper.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd. Miami, Florida 33131-1811  305.373.9400

## COUNT VI
### (Foreclosure of Security Interest)
### (Caiman Holdings, Inc.)

46.     Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

47.     This is an action to foreclose a security interest in personal property with a value of $8,779,420.11.

48.     On or about October 29, 2003, Defendant Caiman Holdings, Inc. executed a Credit Application which, among other things, secured payment of goods and services provided by Baker & Taylor to Caiman Holdings, Inc. *See* Ex. 1.  The Credit Application specifically provides, in part:

> **Baker & Taylor's Security Interest**:  As security for the prompt payment and performance of all indebtedness and any other liabilities or obligations of the Applicant to Baker & Taylor, direct or indirect, absolute or contingent . . . regardless of the form of such indebtedness together with interest thereon and any renewals or extensions thereof, and whether such indebtedness is from time to time reduced and thereafter increased, or entirely extinguished and thereafter renounced, together with any costs and expenses of enforcement and attorneys' fees and costs and expenses relating to any of the forgoing.  *Applicant hereby grants to Baker & Taylor a continuing security interest in all of the following personal property: All of Applicant's inventory and other goods, including without limitation books, videos, compact discs, DVDs, and audio products distributed, consigned or sold by Baker & Taylor, wherever located, now owned, held or hereafter acquired, and all proceeds therefrom.*

Ex. 1 (emphasis added).

49.     On or about June 4, 2008, Baker & Taylor filed a financing statement as to the collateral described in the Credit Application in the Florida Secured Transaction Registry.  A true and correct copy of the financing statement is attached as Exhibit 3.

10

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

50.    Baker & Taylor has declared that Caiman Holdings, Inc. is in default under the terms of the Credit Application by failing to fulfill its payment obligations under the individual invoices from Baker & Taylor.

51.    By reason of the foregoing, Baker & Taylor has a lien on the collateral for the principal sum of $8,779,420.11, plus late charges and interest which continue to accrue at the contract rate.

WHEREFORE, Plaintiff Baker & Taylor requests that the security interest be foreclosed against Caiman Holdings, Inc. and for any further relief as this Court deems just and proper.

## COUNT VII
### (Piercing the Corporate Veil)
### (Caiman Holdings, BVI)

52.    Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

53.    At the direction of Caiman Holdings, BVI, its officers and/or directors, Caiman Holdings, Inc. ordered $8,779,420.11 worth of goods that remain unpaid.

54.    Caiman Holdings, BVI caused these goods to be sold and shipped to third parties, on behalf of Caiman Holdings, Inc. and received monies in satisfaction thereof.

55.    Caiman Holdings, BVI knew or should have known that the monies received from the sale of these goods were for the benefit of Baker & Taylor.

56.    Caiman Holdings, Inc. was a mere instrumentality or alter ego of Caiman Holdings, BVI.

57.    Caiman Holdings BVI used Caiman Holdings, Inc. to perpetrate a fraud upon and mislead Baker & Taylor.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

58.     As a result of Caiman Holdings BVI's improper actions, Baker & Taylor has been damaged.

WHEREFORE, Plaintiff Baker & Taylor requests this Court pierce the corporate veil and hold Defendant Caiman Holdings, BVI responsible for any damages caused to Baker & Taylor, for prejudgment interest and post-judgment interest, and for any further relief as this Court deems just and proper.

<div align="center">

**COUNT VIII**
**(Breach of Personal Guaranty)**
**(Didier Pilon)**

</div>

59.     Baker & Taylor incorporates each and every allegation set forth in paragraphs 1 through 18 above as if fully set forth herein.

60.     On or about October 29, 2003, to induce Baker & Taylor to extend financial credit to Caiman Holdings, Inc., Didier Pilon guaranteed the payment to Baker & Taylor of all amounts due and owing by Caiman Holdings, Inc. to Baker & Taylor. *See* Ex. 1.

61.     Upon information and belief, Defendant Pilon possessed a direct financial interest in Caiman Holdings, Inc. and personally benefited from the extension of credit to Caiman Holdings, Inc.

62.     In light of Caiman Holdings, Inc.'s failure to honor its contractual obligations, Mr. Pilon is now obligated to honor his guarantee.

63.     Defendant Pilon has defaulted on his payment obligations to Baker & Taylor.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida 33131-1811   305.373.9400

64.     Mr. Pilon's guaranty requires Mr. Pilon to pay Baker & Taylor its reasonable attorneys' fees incurred as a result of Caiman Holdings, Inc.'s and Mr. Pilon's defaults.

65.     Mr. Pilon's guaranty further provides that Mr. Pilon will pay Baker & Taylor interest at the rate of one and one-half percent (1.5%) per month on any amount Mr. Pilon owes to Baker & Taylor.

WHEREFORE, Plaintiff Baker & Taylor requests judgment against Didier Pilon, for prejudgment and post-judgment interest, attorneys' fees, costs, and for any further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all Counts and as to all issues.

Respectfully submitted,

**BROAD AND CASSEL**
*Attorneys for Plaintiff*
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 373-9400
Fax: (305) 373-9443

By: _____
    MARK F. RAYMOND, P.A.
    mraymond@broadandcassel.com
    Florida Bar No.: 373397
    RHETT TRABAND, P.A.
    Fla. Bar No.: 0028894
    rtraband@broadandcassel.com
    DAVID B. ROSEMBERG
    Fla. Bar No.: 0582239
    drosemberg@broadandcassel.com

13

___ 03/25/2000  01:05   7043298981                    BAKER TAYLOR                    PAGE  01

Sent By: CAIMAN;                    3052884128;           Oct-30-03 11:42AM;        Page 2

Requested Credit Line $120,000

## CONFIDENTIAL CREDIT APPLICATION

This Confidential Credit Application ("Application") is made to Baker & Taylor Inc. ("Baker &Taylor" or "Seller") for the purpose of inducing Baker & Taylor to extend credit accommodations to the Applicant named below. The issuance of an account number by Baker & Taylor to applicant in order to perform a credit analysis, or the subsequent credit approval of applicant by Baker & Taylor does not constitute Baker & Taylor's agreement to enter into a business relationship with applicant.

CAIMAN Holdings Inc .                                      305 - 968 - 3890 .
(Full Legal Business Name)                                 (Business Telephone No.)

7863    NW   154th Street    Miramar,    Florida            33026.
(Address)                      (City, State)               (Zip Code)

Sandra Pcaiman . com .        305 - 968 - 3892
(E-mail Address)                (Fax Number)

Same As Above
(P.O. Box for Mailing, if different than above)   (City, State)          (Zip Code)

(Delivery Address, if different than above)       (City, State)          (Zip Code)
Same As Above
Trade Name

1.  Date Business was started or purchased  2,200?  Years at this address   1   State Registration Number  P02000029201
2.  Applicant is a _____ Sole Proprietorship _____ Partnership __X__ Corporation _____ Subchapter S Corporation
3.  If Corporation: State of Incorporation  FI .  Date March R,02  Federal Tax No.  41 - 707 - 8212
4.  Is Applicant Tax-Exempt?  __X__ YES _____ NO   (IF YES, APPLICANT MUST COMPLETE SALE TAX EXEMPTION CERTIFICATE OR TAX WILL BE CHARGED)

5.  Is Applicant or business affiliated with any other?  YES ☐    NO ☐

If Yes, give company name and address _____

6.  Have you ever been involved in bankruptcy?  YES ☐   NO ☐

If Yes, Company Name and Address _____

7.  The Principals (Owners, Partners, Shareholders and Officers) of Applicant are (If Proprietorship, Provide information for Owner(s); If Partnership, provide information for all partners)

A.  Didier Pilon -     President        5805 Blue Lagoon Dr # 10 Miami Fl 33126
    (Name)              (Business Title)     (Residence Address & Telephone No.)

    dpilon@caiman.com .   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
    (E-mail Address)        (Social Security No.)   (% Ownership of Stock or Business)

B.  _____   _____   _____
    (Name)              (Business Title)     (Residence Address & Telephone No.)

    _____   _____   _____
    (E-mail Address)        (Social Security No.)   (% Ownership of Stock or Business)

C.  _____   _____   _____
    (Name)              (Business Title)     (Residence Address & Telephone No.)

    _____   _____   _____
    (E-mail Address)        (Social Security No.)   (% Ownership of Stock or Business)

8.  Name of Person to discuss financial issues:  Didier Pilon   305-468-3890   dpilon@caiman .com .
                                                                (Telephone No.)        (E-mail Address)

9.  Business Fiscal Close is: _____ Copy of Applicant's Current Financial Statements are Attached:  YES ☐
    (Note: Financial Statements will be held strictly "Confidential")

10. Name of Accounts Payable Manager/ Supervisor:  Sandra Rodriguez   305-468-3890   Sandra@Caiman.com .
                                                                        (Telephone No.)       (E-mail address)

11. Listed in Dun and Bradstreet:    YES ☐    NO ☒    D-U-N-S® Number _____

12. Business volume anticipation per calendar quarter:
        1st _____  2nd _____  3rd _____  4th _____  or Annual Sales _____  ___



EXHIBIT
" 1 "

03/25/2000  01:05   7043298981                    BAKER TAYLOR                      PAGE  02

Sent By: CAIMAN;                          3052864128;        Oct-30-03 11:42AM;        Page 3

13. Are you interested in ordering electronically: YES ☒  NO ☐   Electronic Billing:  YES ☐  NO ☐

If Yes, (Name of Person to contact and Title) _____ (Telephone No.) _____ (E-mail Address)

14. Applicant's Bank References: (Please complete the additional page of this application)

HSBC National Bank    2 South Broadway Blvd. 30th floor Miami   Tulio Posado
(Business (Name))        (Address)                                        (Loan Officer)

158-711465       305 589-4774.                    805 589-4970.
(Account Number)    (Telephone Number)              (Fax Number)

Personal: (Name) _____ (Address) _____ (Loan Officer)

(Account Number) _____ (Telephone Number) _____ (Fax Number)

15. Supplier References:

MSI Home-       36004    14620 NW 60th Ave . Miami   305-424-6736   305 620-2882
(Name)          (A/C #)   (Address)                (Telephone Number)    (Fax Number)

Vauanne Corp. 770336-00001  7400 49th Ave U. New Hope, MN  763-531-2875 PA
(Name)          (A/C #)   (Address)                (Telephone Number)   763-535-0341 Fax (Fax Number)

Axiom, Inc.      640 Rue Saint Paul  Out- Montreal  Canada 514-223-9811.
(Name)          (A/C #)   (Address)                (Telephone Number)    (Fax Number)

A&B Onestop Group  028704  4250 Coral Ridge Dr. Coral Springs, Fl  954-255-4628  954-255-4814
(Name)          (A/C #)   (Address)                (Telephone Number)    (Fax Number)

16. Outstanding Loans Made to Applicant:

None
(Name of Creditor)  (Type)   (Original Amount)   (Present Amount Due)   (Monthly Pymt.)   (Security)

(Name of Creditor)  (Type)   (Original Amount)   (Present Amount Due)   (Monthly Pymt.)   (Security)

**TERMS**

In consideration of the extension of credit by Baker & Taylor to Applicant, Applicant agrees to the following terms and conditions:

1. Credit Line. Upon approval of this application, Baker & Taylor, in its sole discretion, will assign Applicant a maximum credit line and shall have the right to increase, decrease, or terminate Applicant's credit privileges under this Application at any time without prior notice to Applicant, except as otherwise provided by law.

2. Payment Terms. All purchases by Applicant of goods and/or services from Baker & Taylor will be made in accordance with the terms and conditions of this Application and any invoices and/or other documents evidencing the Applicant's obligations to Baker & Taylor, all of which are incorporate herein by this reference. . The terms and conditions contained herein shall supersede any provisions, terms and conditions contained on any confirmation order, purchase order or any other writing Applicant may give and the rights of the parties shall be governed exclusively by the provisions, terms and conditions hereof. No agent, salesman, or any other person has any authority to obligate Baker & Taylor with regard to any terms or conditions not contained herein. No terms and conditions contained herein may be modified, changed or amended, or any provisions waived by Baker & Taylor, unless in writing, duly signed by an authorized officer of Baker & Taylor. Any terms and conditions not contained herein, whether contained on any confirmation order, purchase order or any other writing the Applicant may give, unless agreed to in writing by an authorized officer of Baker & Taylor, shall be deemed to be void and of no force and effect. The parties agree that this Agreement shall be governed by the laws of the state of North Carolina, without regard to choice of law principles or any other applicable provisions.

3. Payment. Payment of the purchase price for goods and/or services acquired from Baker & Taylor shall be made in pursuant to the terms set forth on each invoice, and Applicant agrees to pay all charges according to the payment terms established in said invoice.  The entire outstanding balance due to Baker & Taylor on all invoices shall become due in full immediately upon default in the payment of any invoice. Applicant agrees to pay interest in the amount of 18% per annum, or the highest rate permitted by law, whichever is less, on any payment considered past due until collected.

4. Costs of Collection. Applicant agrees to pay all costs of collection incurred by Baker & Taylor, including reasonable attorneys' fees and expenses, should a default in payment or any other obligation of Applicant occur.

5. Changes in status. Applicant agrees to keep Baker & Taylor informed of any changes in business  legal name, business status or ownership of the business.

6. Taxes. Applicant agrees to pay all federal, state, city and local use, sales, excise, receipts, and similar taxes applicable to the sale or use of the merchandise sold to Applicant. Applicant shall provide to Baker & Taylor a copy of its resale certificate.

7. Delays. Baker & Taylor will not be liable for any delay in the performance of orders received from Applicant, or in the delivery of shipment of merchandise, or for any damages suffered by the Applicant by reason of such delay.

8. Delay in Payment.  In the event of any default or delay in the payment of Applicant's obligations under any Baker & Taylor invoice or in the payment of any obligations under other agreements with Baker & Taylor, or whenever in the judgment of Baker & Taylor, Applicant may be unwilling or unable to make timely payment to Baker & Taylor, or if Baker & Taylor in good faith believes that the prospect of payment or performance by Applicant is impaired, then all obligations incurred by Applicant may, at the option of Baker & Taylor, become immediately due and payable. Failure by Baker & Taylor to assert this right will not be a waiver thereof.

**9. Baker & Taylor's Security Interest.** As security for the prompt payment and performance of all indebtedness and any other liabilities or obligations of the Applicant to Baker & Taylor, direct or indirect, absolute or contingent, whether now or hereafter arising, regardless of the form of such indebtedness, together with interest thereon and any renewals or extensions thereof, and whether such indebtedness is from time to time reduced and thereafter increased, or entirely extinguished and thereafter reincurred, together with any costs and expenses of enforcement and attorneys' fees and costs and expenses relating to any of the forgoing Applicant hereby grants to Baker & Taylor a continuing security interest in all of the following personal property: All of Applicant's inventory and other goods, including without limitation books, videos, compact discs, DVDs, and audio products distributed, consigned or sold by Baker & Taylor, wherever located, now owned, held or hereafter acquired, and all proceeds therefrom. Applicant hereby authorizes Seller to prepare and/or file and/or add additional information as it becomes available, or otherwise transmit any and all records, including but not limited to writings or other written documents, if applicable, which Secured Party in its sole discretion shall deem necessary to create and perfect a security interest consistent with this grant of security interest or with any future grant of a security interest authenticated by Applicant. Applicant understands and agrees that by executing this agreement, Applicant has hereby authenticated (as that term is defined in the applicable commercial code) this agreement as a record and authorizes Seller to (1) prepare and file such record(s) without the signature of Applicant, (2) file such financing statement or writing bearing any general, generic or super generic description of the Collateral authorized by the applicable code and (3) to file any future records which shall hereby be deemed authenticated (as defined in the applicable commercial code) by Applicant.

**10. Limited Warranty.** Baker & Taylor warrants only that the merchandise sold to Applicant is free from defects in materials and workmanship. Baker & Taylor's obligation under this warranty shall be limited to replacing the merchandise or crediting Applicant pursuant to Baker & Taylor's current credit policies with respect to returned merchandise upon return of the defective merchandise to Baker & Taylor. Under no circumstance shall Baker & Taylor be obligated for consequential or other damages, losses, or expenses in connection with such defective merchandise.

THE WARRANTY CONTAINED HEREIN IS EXCLUSIVE AND EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, WRITTEN, ORAL, IMPLIED OR STATUTORY, INCLUDING BUT NOT LIMITED TO EXPRESS OR IMPLIED WARRANTIES OR MERCHANTABILITY OR OF FITNESS. IN ADDITION, Baker & Taylor SHALL NOT BE LIABLE FOR LOSS, DAMAGE OR INJURY OF ANY NATURE, WHETHER DIRECT OR INDIRECT, CONSEQUENTIAL OR INCIDENTAL, IN CONNECTION WITH OR RESULTING FROM USE OF MERCHANDISE.

Applicant shall not be permitted to extend Baker & Taylor warranty contained herein to any person on Baker & Taylor's behalf, and Baker & Taylor assumes no obligation or liability, and authorizes no other person to assume for it any obligation or liability, other than its obligation to Applicant contained herein.

**11. Controlling Provisions.** The terms and conditions contained herein shall supersede any provisions, terms and conditions contained on any confirmation order, purchase order or any other writing the Applicant may give, and the rights of the parties shall be governed exclusively by the provisions, terms and conditions hereof. No agent, salesman or any other person has any authority to obligate Baker & Taylor with regard to any terms or conditions not contained herein. No terms and conditions contained herein may be modified, changed or amended, or any provision waived by Baker & Taylor, unless in writing duly signed by an authorized officer of Baker & Taylor. Any terms and conditions not contained herein, whether contained on any confirmation order, purchase order, or any other writing the Applicant may give, unless agreed to in writing signed by an authorized employee of Baker & Taylor, shall be deemed to be void and of no force and effect.

**12. Cancellation.** An order once placed with and accepted by Baker & Taylor can be canceled only with Baker & Taylor's written consent. Baker & Taylor may elect to cancel any order or portions thereof, although previously accepted by Baker & Taylor.

**13. Returned Merchandise.** Any returns will only be accepted in keeping with Baker & Taylor return policies.

Applicants hereby certifies that the information furnished under this Application and any other financial statements furnished in connection herewith, is true and correct and that this information is being furnished to Baker & Taylor for the purpose of inducing Baker & Taylor to extend conditions contained in this Application and all invoices and other documents furnished by Baker & Taylor from time to time, all of which are incorporated herein by reference. Applicant understands that Baker & Taylor will retain this Application whether or not it is approved. Applicant hereby authorizes Baker & Taylor to check Applicant's credit history and trade and bank references for customary credit information, to confirm the information contained on this Application and to release information to other creditors regarding Applicant's credit experience with Baker & Taylor.

APPLICANT: Coast Holding Inc (Full Firm Name)

By Authorized Agent:

(Signature) Title President Date 10/29/2003

Note: *NO NEW ACCOUNTS WILL BE OPENED WITHOUT A SALES TAX RESALE CERTIFICATE. REMEMBER TO COMPLETE AND SIGN THE RESALE TAX CERTIFICATE ATTACHED, OR ENCLOSE A COPY OF AN EXISTING ONE.*

Notice: The Federal Equal Opportunity Act prohibits creditors from discriminating against Credit Applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the Applicant has the capacity to enter into a binding contract); because all or part of the Applicant's income derives from any public assistance program; or because the Applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with the law concerning this credit is the Federal Trade Commission, Division of Credit Practices, 6th and Pennsylvania Avenue, NW, Washington, D.C. 20580.

## SALES TAX RESALE CERTIFICATE

This resale tax certificate must be submitted for every state in which there are ship-to locations, and will be
valid unless cancelled by Baker & Taylor, Inc. or revoked by the State.

1. _Didiea PPlan_ _____ (Purchaser's Name) hereby certifies that he/she holds a valid state sales tax resale certificate.

2. Purchaser's Address ___7863 NW 154th Street___

   City/State/Zip ___McAuee, Fl 33126___

3. Resale Certificate Number for each "Ship-to" State. (Show the 2 digit State code)

| State | Resale Certificate Number | State | Resale Certificate Number |
|---|---|---|---|
| Fl | 23-80-12 9336-53-1 | | |
| | | | |
| | | | |
| | | | |
| | | | |

4. Business of Purchaser:    ☐ Book Sales          ☐ Video/ Music Sales

5. Products Purchased:       ☒ Book Sales          ☒ Video/ Music Sales

Undersigned hereby certifies that all purchases are for the purposes of resale and that in the event any of the aforesaid property is used for any
purpose other use than resale, the undersigned shall, as required by the Sales and Use Tax Law, report and pay tax, measured by the purchase price of
such property or other authorized amount.

7. Authorized Signature _Didita Pdupling_   _Accounting Manu_   Date _10/27/3_
                        (Owner, Officer, Authorized person)   (Title)

### PERSONAL GUARANTY

The undersigned _Didia Pllon_ ("Guarantor"), having a financial interest in Applicant, and benefiting from the
transactions contemplated by this Agreement, hereby personally guarantees the payment by Applicant to Baker & Taylor, Inc. of all
amounts due and owing now, and from time to time hereafter ("Liabilities") from Applicant to Baker & Taylor. Guarantor expressly waives notice from
Baker & Taylor of its acceptance and reliance on the personal guaranty, notice of sales made to Applicant, and notice of default by Applicant. The
obligations of Guarantor hereunder shall not be affected, excused, modified or impaired upon the happening, from time to time of any event. No set-off,
counter-claim or reduction of any obligation, or any defense of any kind or nature which the Guarantor has or may have against Applicant or Baker &
Taylor, shall be available hereunder to the Guarantor against Baker & Taylor. In the event of a default by Applicant on its obligation to Baker & Taylor,
Baker & Taylor may proceed directly to enforce its rights hereunder and shall have the right to proceed first against Guarantor, without proceeding with
or exhausting any other remedies it may have. The undersigned further agrees that to the extent that Applicant makes a payment or payments to Baker
& Taylor, which payments, or any part thereof, are subsequently invalidated, declared to be fraudulent or preferential, set-aside or required to be repaid
to applicant, its estate, trustee, receiver, or any other party under any bankruptcy law, federal law, common law, or equitable cause, than to the extent
such payment or repayment, the Liabilities or portion thereof which has been paid, reduced, or satisfied by such amount so repaid shall be reinstated as
of the date such initial payment, reduction or satisfaction occurred. The undersigned does hereby acknowledge that he or she may have the rights of
indemnification, contribution reimbursement or exoneration from the Applicant if the undersigned assumes or performs his or her obligations under this
Guaranty. The undersigned understands the benefits of such rights. These benefits include, but are not limited to, (1) the undersigned's right to the
reimbursement from the Applicant of all money spent from the undersigned's performance of its obligations under the Guaranty, and (ii) the
undersigned's right to succeed to any position held by Baker & Taylor, after the undersigned has fulfilled its obligations under this Guaranty. The
undersigned, in further consideration of Baker & Taylor extending financial accommodations to Application, however, knowingly and voluntarily waives
and relinquishes any right of indemnification, contribution, reimbursement, and exoneration from Applicant, which may arise. Guarantor agrees to pay all
costs, expenses, and fees, including reasonable attorney's fees, which may be incurred by Baker & Taylor in enforcing this personal guaranty or
protecting its rights following any default on the part of the Guarantor. Guarantor agrees that an interest charge of one and one-half (1½ %) percent per
month, or the highest rate permitted by law, which is less, shall be accessed on any amount due and owing to Baker & Taylor by Guarantor under this
personal guaranty until collected. This personal guaranty shall be binding upon Guarantor, the Guarantor's heirs, successors, assigns, and
representatives and survivors, and shall inure to the benefit of Baker & Taylor, its successors and assigns, and may be assigned by Baker & Taylor
without notice to the undersigned. If executed by more than one, the obligations of the undersigned shall be joint and several and all references to the
singular shall be deemed in the plural.

_Didia Pllon_        _____        _Jiai_  _Fl 33126._      _10/29/2003_
(Print Name)       (Address)                (City, State, Zip)       (Date)

_____
(Signature)

_____        _____        _____        _____
(Print Name)       (Address)                (City, State, Zip)       (Date)

_____
(Signature)

CAIMAN ACCOUNT ANALYSIS

### 70151378 - Bulk ENT

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| ADVERTISING CR | 0.00 | (10,830.85) | 0.00 | 0.00 | 0.00 | (10,830.85) |
| CO-OP | 0.00 | 0.00 | 0.00 | 0.00 | 1,810.00 | 1,810.00 |
| CUST SVC CLEARED | 0.00 | (388.47) | (196.03) | (222.13) | 0.00 | (806.63) |
| DUP DED | 0.00 | 0.00 | 0.00 | 0.00 | 19,116.35 | 19,116.35 |
| FRT | 0.00 | 247.97 | 893.79 | 0.00 | 121.76 | 1,263.52 |
| OPEN INV | 2,282,987.39 | 1,069,441.34 | 3,714.71 | 4.60 | 30,458.33 | 3,386,606.37 |
| PRICING | 6,900.37 | 5,309.51 | 191.01 | 1,108.31 | 2,822.50 | 16,331.70 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 129,288.02 | 129,288.02 |
| RT CR | 0.00 | (217,487.63) | (6,083.21) | (16,109.01) | (81,534.35) | (321,214.20) |
| RT DB | 217,400.89 | 20,557.01 | 2,755.00 | 6,760.24 | 146,569.05 | 394,042.28 |
| SH CR | 0.00 | 0.00 | 0.00 | 0.00 | (447.36) | (447.36) |
| SH DB | 5,380.70 | 8,456.61 | 2,792.95 | 11,378.28 | 128,035.76 | 156,044.30 |
| UNAPPLIED | 0.00 | 0.00 | 0.00 | (54,626.24) | (1,655.98) | (56,282.22) |
| Grand Total | 2,512,669.35 | 875,305.49 | 4,068.31 | (51,705.95) | 374,584.08 | 3,714,921.28 |

### 70153229 - Entertainment

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| CUST SVC CLEARED | 0.00 | 0.00 | 0.00 | (318.09) | (442.15) | (760.24) |
| DUP DED | 0.00 | 0.00 | 0.00 | 0.00 | 3,671.56 | 3,671.56 |
| FRT | 233.95 | 37.23 | 4.83 | 0.00 | 0.00 | 276.01 |
| OPEN INV | 7,639.55 | 2,165.79 | 0.00 | 0.00 | 10,248.56 | 20,053.90 |
| PRICING | 260.76 | 6,301.95 | 21.83 | 198.74 | 4,025.19 | 10,808.47 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 148,187.92 | 148,187.92 |
| RT CR | 0.00 | 0.00 | 0.00 | 0.00 | (33,818.59) | (33,818.59) |
| RT DB | 0.00 | 25,377.65 | 276.97 | 94,940.24 | 140,655.13 | 261,249.99 |
| SH CR | 0.00 | 0.00 | 0.00 | (20.79) | (2,461.88) | (2,482.67) |
| SH DB | 735.95 | 5,492.54 | 3,050.81 | 6,988.78 | 172,741.40 | 189,009.48 |
| SHORT PAYS | 289.11 | 0.00 | 0.00 | 0.00 | 25,429.93 | 25,719.04 |
| UNAPPLIED | 0.00 | 0.00 | (10.53) | (77.49) | (54,342.02) | (54,430.04) |
| Grand Total | 9,159.32 | 39,375.16 | 3,343.91 | 101,711.39 | 413,895.05 | 567,484.83 |

### T5666215 - Books

| Sum of BALANCE | | Past Due | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| DUP DED | 0.00 | 0.00 | 0.00 | 0.00 | 15,442.44 | 15,442.44 |
| FRT | 0.00 | 0.00 | 0.00 | 3,146.19 | 0.00 | 3,146.19 |
| OPEN INV | 939,898.93 | 745,972.05 | (117.38) | (15.77) | 71,412.77 | 1,757,150.60 |
| PRICING | 58,887.66 | 18,203.65 | 4,586.14 | 10,431.61 | 11,324.77 | 103,433.83 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 77,728.89 | 77,728.89 |
| RT CR | 0.00 | (102,806.04) | (2,085.55) | (5,407.21) | (145,462.35) | (255,761.15) |
| RT DB | 66,512.71 | 3,943.66 | 17,790.56 | 344.53 | 108,311.80 | 196,903.26 |
| SH DB | 34,188.68 | 1,832.01 | 24,324.94 | 2,391.49 | 81,227.01 | 143,964.13 |
| SHORT PAYS | 6,138.07 | 0.00 | 0.00 | 0.00 | 1,296.62 | 7,434.69 |
| UNEARNED DISC | 0.00 | 4,246.45 | 2,000.00 | 0.00 | 17,396.77 | 23,643.22 |
| UNAPPLIED | 0.00 | 0.00 | 0.00 | 0.00 | (97,385.16) | (97,385.16) |
| Grand Total | 1,105,626.05 | 671,391.78 | 46,498.71 | 10,890.84 | 141,293.56 | 1,975,700.94 |



EXHIBIT "2"

### 70153645 - Domestic CDF

| Sum of BALANCE | | | Past Due | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| OPEN INV | 139,983.37 | 215,132.34 | 55,071.17 | 0.00 | 194,281.82 | 604,468.70 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 149,985.67 | 149,985.67 |
| RT CR | 0.00 | (119.75) | (40.66) | 0.00 | (173.07) | (333.48) |
| SHORT PAYS | 261.11 | 22,505.74 | 32.26 | 0.00 | 0.00 | 22,799.11 |
| UNAPPLIED | 0.00 | 0.00 | (1,288.36) | (321.06) | 0.00 | (1,609.42) |
| Grand Total | 140,244.48 | 237,518.33 | 53,774.41 | (321.06) | 344,094.42 | 775,310.58 |

**70153647 - INT'L CDF**

| Sum of BALANCE | | | Past Due | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| OPEN INV | 498,254.60 | 838,154.12 | 62,141.84 | 47,996.08 | 329,081.47 | 1,775,628.11 |
| REBATES | 0.00 | 0.00 | 0.00 | 0.00 | 76,214.13 | 76,214.13 |
| RT CR | 0.00 | (867.56) | (276.05) | (841.42) | (33.26) | (2,018.29) |
| SHORT PAYS | 20.15 | 10,678.44 | 0.00 | 2,521.58 | 6,528.88 | 19,749.05 |
| UNAPPLIED | 0.00 | (124,437.23) | (557.10) | (311.60) | (14,445.59) | (139,751.52) |
| Grand Total | 498,274.75 | 723,527.77 | 61,308.69 | 49,364.64 | 397,345.63 | 1,729,821.48 |

**J0010407 - JA MAJORS**

| Sum of BALANCE | | | Past Due | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | Current | 01-30 | 31-60 | 61-90 | 90+ | Grand Total |
| OPEN INV | 1,645.85 | 3,689.33 | 8,311.22 | 11,225.49 | 16,743.72 | 41,615.61 |
| RT CR | 0.00 | 0.00 | 0.00 | 0.00 | (2,624.62) | (2,624.62) |
| RT DB | 0.00 | 0.00 | 0.00 | 0.00 | 8,089.80 | 8,089.80 |
| UNAPPLIED | 264.66 | 0.00 | (14,588.49) | (5,084.07) | (11,491.89) | (30,899.79) |
| Grand Total | 1,910.51 | 3,689.33 | (6,277.27) | 6,141.42 | 10,717.01 | 16,181.00 |

| 8,779,420.11 | Total for all Accts. |
|---|---|

**SUMMARY**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:   (Name and Address)

    AFTER FILING RETURN TO:
    *CT CORPORATION*
    *4400 Easton Commons Way*
    *Suite 125*
    *COLUMBUS, OH 43219*

FLORIDA SECURED TRANSACTION REGISTRY

**FILED**

2008 Jun 04 AM 12:00

****** 200808464661 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | |
|---|---|---|---|
| 1a. ORGANIZATION'S NAME | | | |
| Caiman Holdings, Inc. | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6701 NW 7th Street, Suite 125 | Miami | FL | 33126 | |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | Corporation | Florida | ☑NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Baker & Taylor | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2550 West Tyvola Road, Suite 300 | Charlotte | NC | 28217 | |

4. This FINANCING STATEMENT covers the following collateral:

All of Debtor's inventory and other goods, including without limitation books, videos, compact discs, DVDs, and audio products, distributed, consigned or sold by Baker & Taylor, wherever located, now owned, held or hereafter acquired, and all proceeds therefrom.

    X  All Documentary Stamps due and
    payable or to become due and payable
    pursuant to s.201.22 F.S., have been paid

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |
| Florida Secretary of State | | AK 72100221 | | | | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)
VADCC1FHAT- 10/01/02 CT Corporation System

**EXHIBIT
"3"**

JUL-12-2008 06:31 PM CAIMAN HOLDINGS, INC. 3143134914

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or ~~~ except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is ~~~ of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED by ___ D.C.
ELECTRONIC

**SEPT 11, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BAKER & TAYLOR, INC., a Delaware corporation | CAIMAN HOLDINGS, INC., a Florida corporation and DIDIER PILON |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: MIAMI-DADE |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| **(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE) | ATTORNEYS (IF KNOWN) |
|---|---|
| Rhett Traband, P.A. <br> Broad and Cassel <br> 2 South Biscayne Blvd.. 21st Floor <br> Miami, FL 33131 <br> (305) 373-9400 | |

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: **MIAMI-DADE**

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

1. U.S. Government Plaintiff
2. U.S. Government Defendant   **XX**
3. Federal Question (U.S. Govt. Not a Party)
4. **Diversity** (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASE ONLY)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Inc. or Principal Place of Business in This State | 4 | **XX** 4 |
| Citizen of Another State | 2 | **2** | Inc. and Principal Place of Business in Another State | **XX** 5 | 5 |
| Citizen of Subject of Foreign Country | 3 | **X** | Foreign Nation | 6 | **XX** 6 |

*Dade 08CV22530 - Graham/Torres*

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** Rule 22 F.R.C.P.

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS xxxxxxx |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 States Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury-Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury-Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personnel | 630 Liquor Laws | **A PROPERTY RIGHTS** | 450 Commerce/ICC Rates/ etc. |
| 150 Recovery Overpayment & Enforcement Judgment | 330 Federal Employers' Liability | Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) B | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 850 Securities Commodities/Exchange |
| 153 Recovery of Overpayment of Veteran's Benefits B | 350 Motor Vehicle <br> 355 Motor Vehicle Product Liability | 371 Truth in Lending B <br> 380 Other Personnel Property Damage | 690 Other | **B SOCIAL SECURITY** | 875 Customer Challenge 12 USC 3410 |
| 160 Stockholder's Suits | 360 Other Personal Injury | 385 Property Damage | **A LABOR** | 861 HIA (1395FF) | 891 Agricultural Acts |
| 190 Other Contract | | | Product Liability | 862 Black Lung (923) | 892 Economic Stabilization Act |
| 195 Contract Product Liability | | | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **A PRISONER PETITIONS** | 720 Labor Management Relations B | 864 SSIS Title XVI | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 730 Labor Management Reporting & Disclosure Act | 865 RSI (405(g)) | 895 Freedom of Information Act Under Equal Access to Justice |
| 220 Foreclosure B | 442 Employment | | | **C FEDERAL TAX SUITS** | |
| 230 Rent, Lease & Ejectment | 443 Housing Accommodations | 791 Employee Ret.Inc. Security Act B | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of States Statutes |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 790 Other Labor Litigation | 871 IRS-Third Party | **XX 890 Other Statutory Actions A or B** |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | 900 Appeal of Fee Determination 26 USC 7609 | **INTERPLEADER** |
| 290 All Other Real Property | 530 General | 550 Civil Rights – A or B | | | |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

**XXX** 1. Original Proceeding
2. Removed from State Court
3. Remanded From Appellate Court
4. Refiled
5. Transferred from another district (specify)
6. Multidistrict Litigation
7. Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT** | Check if this is a CLASS ACTION Under F.R.C.P. 23 | Check yes only if demanded in Complaint JURY DEMAND:   **Yes**   No |
|---|---|---|

**VII. CAUSE OF ACTION**
28 U.S.C. 1332 (a) Breach of Contract for Failure to Pay Goods & Services

LENGTH OF TRIAL: 5 days Estimated (for both sides to try entire case)
JUDGE _____ DOCKET NO. _____

Date: **9/11/08**     SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT
S/F 1-2 Rev. 9/94

FOR OFFICE USE ONLY: Receipt No. **986996**
Date Paid: _____ **09/11/08**

Amount: **$350.00**
M/ifp: _____

//214808