UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-22530-CIV-GRAHAM/TORRES

BAKER & TAYLOR, INC., a Delaware
Corporation,

    Plaintiff,

vs.

CAIMAN HOLDINGS, INC., a Florida
corporation, CAIMAN HOLDINGS, BVI,
and DIDIER PILON,

    Defendants.
_____/

# DIDIER PILON'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, DIDIER PILON ("Pilon"), by and through undersigned counsel, hereby answers the Complaint filed by Plaintiff, Baker & Taylor Inc. ("Baker & Taylor"), as follows:

1. Admitted that Plaintiff has alleged minimal jurisdictional grounds, however, denied that there is any legal or factual basis for the underlying causes of action.

2. Admitted that Plaintiff has alleged venue in this district, however, denied that there were any events or omissions on the part of Pilon that give rise to the claims asserted herein.

3. Denied.

4. Admitted.

5. Admitted that Caiman Holdings Inc. ("CHI") is a Florida corporation with its principal place of business in Miami, Florida and that CHI maintains premises in Florida. Because CHI is an internet sales fulfillment center, the goods it maintains in its premises are

BERGER SINGERMAN
attorneys at law
    Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard, 10th Floor Fort Lauderdale, Florida 33301 Telephone 954-525-9900 Facsimile 954-523-2872

generally maintained on behalf of its customers, including co-Defendant, Caiman Holdings, BVI ("BVI"), for shipment to consumers who have purchased the goods on the internet. The remaining allegations in paragraph 5 are denied.

6. Admitted that Caiman Holdings, BVI ("BVI") is a foreign corporation existing under the laws of the common wealth of Tortola, British Virgin Islands and that there are goods belonging to BVI which are located in CHI's premises in Florida for purposes of internet sales fulfillment services by CHI on behalf of BVI to consumers who have purchased the goods on the internet. The remaining allegations in paragraph 6 are denied.

7. Admitted that Pilon was a former president and former officer of CHI, but denied that he resides in Miami, Florida. Denied that Pilon is the founder or current officer or director of the entities. Denied that Pilon carried out the day-to-day operations of the entities.

8. Denied as phrased since Plaintiff uses the term "Caiman Holdings" to collectively refer to CHI and BVI. Although the initial credit application in April 2003 was with CHI, no good subsequent to November 2004 were sold to CHI.

9. Denied as phrased since Plaintiff uses the term "Caiman Holdings" to collectively refer to CHI and BVI. Since Plaintiff alleges that the sales which are the subject of this action took place since 2005, said sales were not under agreements CHI.

10. Denied as phrased since Plaintiff uses the term "Caiman Holdings" to collectively refer to CHI and BVI. Pilon denies the remaining allegations.

11. Admitted that on October 29, 2003, CHI executed a credit application with Baker & Taylor (the "Credit Application"), a copy of which is attached to the Complaint as Exhibit 1. Denied that any of the goods sold since 2005 which are the subject of this action, were sold to or purchased by CHI pursuant to the Credit Application.

12. Admitted that the Credit Application contains the terms quoted in paragraph 12. Denied that any of the goods sold since 2005, which are the subject of this action, were sold to or purchased by CHI pursuant to the Credit Application.

13. Admitted that in connection with 2003 Credit Application, there was also a personal guaranty executed by Pilon, a copy of which is attached to the Complaint as Exhibit 1. Denied that any of the goods sold since 2005, which are the subject of this action, were sold to or purchased by CHI pursuant to the Credit Application.

14. Without knowledge as to what Baker & Taylor relied upon. Denied that any of the goods sold and delivered since 2005, which are the subject of this action, were sold or delivered pursuant to the Credit Application or Personal Guaranty. The remaining allegations in paragraph 14 are denied.

15. Denied as phrased since "Caiman Holdings" is defined by Plaintiff to collectively refer to CHI and BVI. Denied that the goods and services at issue were sold to CHI.

16. Admitted that CHI has not paid the amounts claimed by Baker & Taylor to be due and owing because the goods sold and delivered were not sold to CHI. Denied as to the remaining allegations on lack of information.

17. Without knowledge.

18. Denied.

19-58. Paragraphs 19 through 58 of the Complaint relate to claims solely against CHI and BVI therefore no answer is necessary by Pilon.

59. Pilon realleges his answers to the realleged paragraphs.

60. Admitted that in connection with the 2003 Credit Application, there was also a personal guaranty executed by Pilon, a copy of which is attached to the Complaint as Exhibit 1.

BERGER SINGERMAN
attorneys at law        Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard, 10th Floor Fort Lauderdale, Florida 33301  Telephone 954-525-9900  Facsimile 954-523-2872

Denied that any of the goods sold since 2005, which are the subject of this action, were sold to or purchased by CHI pursuant to the Credit Application.

61. Denied.

62. Denied that any of the goods sold since 2005, which are the subject of this action, were sold to or purchased by CHI pursuant to the Credit Application.  Denied that Pilon has failed to honor his contractual obligations.

63. Denied.

64. Admitted that the personal guaranty attached as Exhibit 1 to the Complaint contains an attorney fee provision.  Denied that Pilon or CHI has defaulted under the agreements set forth in the Complaint.

65. Admitted that the personal guaranty attached as Exhibit 1 to the Complaint contains an interest recovery provision of one and one-half percent (1.5%).  Denied that Pilon owes any amount to Baker & Taylor.

## AFFIRMATIVE DEFENSES

1. None of the goods or services which are the subject of this action were purchased by CHI under the 2003 Credit Application.  Since Baker & Taylor never sold the subject goods to CHI under the 2003 Credit Application, Pilon's personal guaranty, attached to the Complaint as Exhibit 1, is not applicable.

2. In the event it is determined that CHI is liable for any amounts allegedly remaining unpaid to Baker & Taylor under any of the agreements between the parties, CHI and therefore Pilon is entitled to an offset against said amounts because Baker & Taylor failed to apply credits for, among other things, rebates, overcharges, shortages, returns, wrongful refusal to authorize returns and wrongful return of authorized returns.

BERGER SINGERMAN
attorneys at law  Boca Raton Fort Lauderdale Miami Tallahassee

350 East Las Olas Boulevard, 10th Floor Fort Lauderdale, Florida 33301  Telephone 954-525-9900  Facsimile 954-523-2872

Dated: June 5, 2009                                    Respectfully submitted,

                                                                                By: s/ René D. Harrod
                                                                                René D. Harrod, Florida Bar No. 627666
                                                                                rharrod@bergersingerman.com
                                                                                Berger Singerman, P.A.
                                                                                350 E. Las Olas Blvd., 10th Floor
                                                                                Ft. Lauderdale, Florida 33301
                                                                                Telephone:  (954) 525-9900
                                                                                Facsimile:  (954) 523-2872
                                                                                *Attorneys for Didier Pilon*

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on June 5, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                                s/   René D. Harrod
                                                                                René D. Harrod, Fla. Bar No. 627666

## SERVICE LIST

*Baker & Taylor, Inc. v. Caiman Holdings, Inc., Caiman Holdings, BVI and Didier Pilon*
**United States District Court, Southern District of Florida**
**CASE NO. 08-22530-CIV-GRAHAM/TORRES**

| | |
|---|---|
| René D. Harrod<br>rharrod@bergersingerman.com<br>Berger Singerman, P.A.<br>350 E. Las Olas Blvd., 10th Floor<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 525-9900<br>Facsimile: (954) 523-2872<br>*Attorneys Didier Pilon*<br>***(via Notices of Electronic Filing generated by CM/ECF)*** | Mark F. Raymond, Esq.<br>Rhett Traband, Esq.<br>David B. Rosemberg, Esq.<br>BROAD AND CASSEL<br>One Biscayne Tower, 21st Floor<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 373-9400<br>Facsimile: (305) 373-9443<br>*Attorneys for Plaintiff*<br>***(via Notices of Electronic Filing generated by CM/ECF)*** |
| Lawrence R. Heller, Esq.<br>Steven A. Colsky, Esq.<br>Daniel M. Hirschman, Esq.<br>GILBRIDE, HELLER & BROWN, P.A.<br>One Biscayne Tower, 15th Floor<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: (305) 358-3580<br>Facsimile: (305) 374-1756<br>*Attorneys for Caiman Holdings, BVI*<br>***(via Notices of Electronic Filing generated by CM/ECF)*** | |

2145392-2

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard, 10th Floor Fort Lauderdale, Florida 33301  Telephone 954-525-9900  Facsimile 954-523-2872